JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BARTMANN,<br><br>        Petitioner,<br><br>        v.<br><br>UNKNOWN,<br><br>        Respondent. | CASE NO. CV 15-9160-MMM (PJW)<br><br>[~~PROPOSED~~] ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

    Before the Court is a letter entitled, "Re: Habeas Corpus Petition for Relief," in which Petitioner, who is currently incarcerated at the Los Angeles county jail, complains that his right to a reasonable bail has been violated. The Court construes the letter as a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, *see McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (holding petition by state pretrial detainee alleging federal constitutional violation properly falls under 28 U.S.C. § 2241), and denies the Petition without prejudice for the following reasons.

    According to the Petitioner, on June 9, 2015, he was arrested on a charge of assault with a deadly weapon, causing great bodily injury, and his bail was set at $30,000 at the police station. (Petition at 1.) He claims that, on June 11, 2015, he was arraigned and his bail

was raised to $1,000,000, due to the fact that he had prior "strike" convictions. (Petition at 1.) It appears that he is seeking an order from this Court reducing his bail. (Petition at 2.)

As a general rule, federal courts do not intervene in ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Though there are exceptions to this general rule, where, for example, "special circumstances" warrant federal intervention, *see, e.g., Braden v. 30th Judicial Circuit Court Of Kentucky*, 410 U.S. 484, 489 (1973) (permitting petitioner to seek enforcement of constitutional right to speedy trial three years after he had been indicted in state court); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (holding claim that state prosecution will violate Double Jeopardy Clause presents an exception to the *Younger* rule), Petitioner has not presented any such special circumstances here. Nor has he demonstrated that he cannot raise his challenge in the state criminal proceedings. *See, e.g., Lazarus v. Baca*, 389 Fed. App'x 700, 700-01 (9th Cir. 2010) (affirming dismissal of petition challenging California state court's "excessive" bail where, inter alia, petitioner had full and fair opportunity to raise his claims in state court).

Accordingly, the Petition is dismissed without prejudice. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will

1 | not issue in this action. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P.
2 | 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).
3 | IT IS SO ORDERED
4 | DATED: _December 23, 2015

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\imartine\AppData\Local\Temp\notesC7A056\prop order dismissing.wpd

3